# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>JAMERE TOWNS,<br><br>       Defendant. | Case No. 13-CR-17-4-JPS<br><br>**ORDER** |

**1. BACKGROUND**

In July 2020, Defendant sent the Court a letter, which the Court has construed as a motion for compassionate release. (Docket #247). After Federal Defender Services informed the Court that it would not file a supplement on Defendant's behalf, the Court issued a briefing schedule. (Docket #248, #249, #250). Although the Government responded in August 2020, Defendant did not receive it at that time, as the response was returned undeliverable. (Docket #253, #256). Defendant filed a letter in October, noting he had not received anything from the Government. (Docket #257). It appears that he eventually received the Government's response to his motion on November 30, 2020, and he replied to the same. (Docket #263 at 8). One of Defendant's relatives filed a letter in support of Defendant's release. (Docket #254). Upon consideration of the parties' submissions, Defendant's motion for compassionate release must be denied.

**2. FACTS**

Between October 2012 and January 2013, Defendant participated in a series of armed robberies in the Milwaukee area. (Docket #125 at 1–8; #251 at 6–13). His participation in those robberies varied from casing the victim's

premises, being a lookout, and/or driving the getaway car to pointing handguns at store employees and patrons. During the robberies, Defendant and his co-defendants wore masks and used zip-ties to restrain their victims.

On November 10, 2012, Defendant also shot and killed Frank Carter. (Docket #124; #251 at 8). After being informed that his friend got into an altercation with a group of people while on the bus, Defendant grabbed his firearm and drove to the scene. Although the confrontation had ended by the time Defendant arrived, he got out of the car, shot at the group, and fled. Mr. Carter, a bystander who was waiting for the bus, died of a gunshot wound inflicted by Defendant.

Defendant pleaded guilty to one count of being a felon in possession of a firearm, nine counts of armed robbery, and one count of brandishing a firearm in furtherance of a crime of violence. (*See* Docket #125). On December 3, 2013, this Court sentenced Defendant to a total term of 480 months of imprisonment. (Docket #182 at 3).

Defendant is a 31-year-old male and is incarcerated at United States Penitentiary Canaan ("USP Canaan").[1] His expected release date is May 23, 2047.[2] In his letter to the Court, Defendant does not offer any reason for his compassionate release other than "480 months is way too much time." (Docket #247 at 1). He states that "it isn't going to take [him] another 30 years to learn something [he] learned already," but, confusingly, he adds that he "is not ready to leave yet" and that he "need[s] time to continue educating [himself]." (*Id.* at 1–2). In later submissions, Defendant argues

---

[1]Fed. Bureau of Prisons, Find an Inmate., https://www.bop.gov/inmateloc/ (last visited Jan. 4, 2021).

[2]*Id*.

Page 2 of 7
Case 2:13-cr-00017-JPS   Filed 01/05/21   Page 2 of 7   Document 264

that because he has already learned his lesson, it would be a waste of both time and taxpayers' dollars to keep him in prison. (Docket #257 at 1). Defendant asks this Court to modify his sentence to two years of home confinement; $10,000,000.00 in fines; 5,000 hours of community service; and 25 years of probation. (Docket #263 at 5).

3.   **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for

compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* §1B1.13 n.1.(A)(ii).

Other extraordinary and compelling reasons include: (1) the age of the defendant, in conjunction with his or her mental or physical deterioration; or (2) the death or incapacitation of the defendant's spouse, partner, or minor child or children. *Id*. §1B1.13 n.1(B), (C). The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

### 4. ANALYSIS

First, the Court determines whether Defendant has complied with § 3582(c)(1)(A)'s exhaustion requirement. There is nothing in the record suggesting that Defendant appealed the Bureau of Prisons' failure to bring a motion for compassionate release on his behalf. There is also no evidence that he filed motion for compassionate release with the warden at USP Canaan at least 30 days before filing his motion with this Court.

Although courts "may decline to consider a motion where the defendant has not waited 30 days," § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional. *United States v. Scott*, 461 F. Supp. 3d 851, 859–60 (E.D. Wis. 2020). Section 3582(c)(1)(A) permits courts to "exercise judicial discretion" and consider "exigent circumstances related to why the defendant seeks compassionate release." *Id.* at 860. Here, Defendant does not mention any exigent circumstances that would warrant the Court's waiver of § 3582(c)(1)(A)'s exhaustion requirement. At this juncture, the Court could dismiss Defendant's motion, without prejudice, for failure to exhaust. Yet, the Court can, and will, expeditiously deny Defendant's motion for compassionate release on the merits.

Next, the Court considers whether Defendant presents any extraordinary and compelling reasons warranting his release. Defendant does not proffer any such reasons. He merely argues that his sentence is "too long" and that he has learned his lesson. (Docket #247 at 1). Because he fails to offer any extraordinary or compelling circumstances warranting his release, the Court need not evaluate the §3553(a) sentencing factors. However, *even if* Defendant presented extraordinary and compelling reasons, consideration of §3553(a) proves a high hurdle preventing his release. Therefore, the Court will address those factors.

As discussed, *supra*, Defendant and his co-defendants robbed multiple convenience stores in the Milwaukee area. They restrained both shoppers and employees with zip ties and held individuals at gun point. Defendant, who was a felon in possession of a firearm, is also responsible for the death of Mr. Frank Carter. Defendant has served less than 20 percent of his sentence for the aforementioned offenses. The Court finds that releasing Defendant would definitively fail to reflect the seriousness of his crimes, provide just punishment, and promote respect for the law. Additionally, the Court determines that Defendant's release would not sufficiently protect the public nor be in Defendant's best interest at this time.

5.  **CONCLUSION**

Defendant has neither exhausted his administrative remedies, nor proffered any extraordinary and compelling reasons warranting his release. Even if he had, the Court finds that consideration of the § 3553(a) factors weighs strongly against Defendant's release. Therefore, the Court will deny Defendant's motion, (Docket #247). The Court, however, will grant the Government's motion to seal, (Docket #252).

Accordingly,

**IT IS ORDERED** that Defendant's motion for compassionate release (Docket #247) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Government's motion to seal (Docket #252) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 5th day of January, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge